# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CONNIE COX-CAIRNS, | Case No. 2:15-cv-01077-LDG-NJK |
| Plaintiff(s), | |
| vs. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket Nos. 21-22. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 26, 27. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

   A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 16-3p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 96-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On October 21 and November 1, 2011, Plaintiff filed applications for disability insurance benefits alleging that she became disabled on April 20, 2008. *See, e.g.*, Administrative Record ("A.R.") 198-209. Plaintiff's claims were denied initially on March 14, 2012, and upon reconsideration on June 27, 2012. A.R. 129-32, 135-41. On July 9, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 142-43. On May 22, 2013, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Craig Ellis. *See* A.R. 28-71. On November 13, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from the alleged onset date through the date of his decision. A.R.

8-27. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 7, 2015. A.R. 1-4.

On June 8, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

B.     The Decision Below

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920, and issued an unfavorable decision on November 13, 2013. A.R. 8-27. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013, and has not engaged in substantial gainful activity since April 20, 2008. A.R. 13. At step two, the ALJ found that Plaintiff has the following severe impairments: low back pain associated with mild degenerative changes and osteoporosis without evidence of sciatica or radiculopathy; and multiple unconfirmed arthralgias. A.R. 13-14. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 14-18. The ALJ found that claimant's determinable mental impairments were non-severe. *Id.*

The ALJ found that Plaintiff had the residual functional capacity to perform a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). A.R. 18-21. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a cage cashier. A.R. 21. Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits and supplemental security income. *See* A.R. 21-22.

**III.   ANALYSIS AND FINDINGS**

Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ's finding that Plaintiff did not suffer from any severe mental impairments lacks substantial evidence, and that the ALJ improperly rejected the opinion of treating physician Dr. Anurag Gupta. *See* Docket No. 22. As the Commissioner details persuasively in her response, however, substantial evidence supports the ALJ's finding, and the ALJ did not err in rejecting the opinion of Dr. Gupta. *See* Docket No. 27.

A. Substantial Evidence

Plaintiff argues that the ALJ's finding that she does not suffer from severe mental limitations is not supported by substantial evidence. Questions of credibility and resolution of conflicting evidence are the functions of the ALJ. *E.g.*, *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999).

While Plaintiff identifies portions of the record that support her desired outcome, she fails to fully grapple with the significant portions of the record that support the ALJ's finding as thoroughly identified by the Commissioner. *See* Docket No. 27 at 2-7, 12-18.[2] For example, on several occasions Plaintiff was assessed a Global Assessment of Functioning ("GAF") score in a range establishing that any symptoms were only mild or transient. *See* A.R. 320, 342, 387, 390, 447.[3] Similarly, a psychological consultative examiner on whom Plaintiff now relies found that her impairments had no effect on her ability to understand, remember, and carry out instructions, and had no effect on her ability to interact appropriately with others and respond to changes in the routine work setting. *See* A.R. 448-49. Two state agency doctors also found that Plaintiff had no severe mental impairment. *See* A.R. 88-90, 114-16.[4]

While Plaintiff may have preferred that the ALJ give more weight to portions of the record that Plaintiff finds more favorable, the record is more than sufficient to support the ALJ's finding that Plaintiff did not suffer from severe mental limitations. Accordingly, Plaintiff has failed to demonstrate on appeal that the ALJ's factual determinations were unsupported by substantial evidence.

---

[2] The ALJ found Plaintiff not fully credible, A.R. 19-21, a finding that Plaintiff does not contest on appeal.

[3] The GAF scale has since been abandoned. *See Wilson v. Colvin*, 72 F. Supp. 3d 1159, 1164 n.2 (D. Or. 2014). At the time of these examinations, however, the GAF scale was still being utilized, and the scores assigned Plaintiff showed mild or transient symptoms. *See, e.g.*, *Werle v. Astrue*, 633 F. Supp. 2d 857, 882 n.15 (D. Ariz. 2009) (outlining various GAF scores).

[4] This is not an exhaustive list of the evidence supporting the ALJ's finding.

B.    Treatment of Dr. Gupta's Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Anurag Gupta. A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). Even when not controlling, such opinions are entitled to deference and must be weighed properly pursuant to applicable regulations. *See, e.g.*, *id.* Nonetheless, the opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). When evidence in the record contradicts the opinion of a treating physician, an ALJ may reject that opinion based on specific and legitimate reasons supported by substantial evidence. *Bray*, 554 F.3d at 1228. Moreover, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Id.*

In this case, Dr. Gupta opined that Plaintiff would often have deficiencies in concentration, persistence or pace, and would experience one or two episodes of decompensation in work or work-like settings. A.R. 392. Dr. Gupta further predicted that Plaintiff would be absent from work more than three times each month due to her mental impairments. A.R. 393. The ALJ afforded Dr. Gupta's opinion little to no weight based on several factors, including that Dr. Gupta's opinion was inconsistent with the other medical opinions, that it was inconsistent with Plaintiff's treatment records, that it was based on Plaintiff's subjective statements that had been found to lack credibility, and that Dr. Gupta acted as Plaintiff's advocate. *See, e.g.*, A.R. 17. Substantial evidence supports each of these findings. *See, e.g.*, A.R. 53, 88-90, 114-16, 313-21, 353, 358, 439-50. Moreover, Ninth Circuit law makes clear that the reasons articulated are properly considered by an ALJ in discrediting a treating physician's opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (contrary medical opinions); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (inconsistent treatment records); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (reliance on the claimant's subjective statements); *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (acting as the claimant's advocate). The ALJ articulated specific and legitimate reasons supported by substantial evidence to discount Dr. Gupta's opinion.

Accordingly, the ALJ did not err in discounting the opinion of Dr. Gupta.

## IV.  CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 21) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 26) be **GRANTED**.

IT IS SO ORDERED.

DATED:   September 19, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).